United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEEM SWEETS, AKA STEVEN H. JONES, | No. C 06-07964 CW |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CONTRA COSTA COUNTY BOARD OF SUPERVISORS; SHERIFF'S DEPARTMENT OF CONTRA COSTA COUNTY; DEPUTY WELCH; DEPUTIES JOHN DOE, | |
| Defendants. | |

Shawn Welch, the remaining Defendant in this case, has filed a motion for summary judgment. Pro se Plaintiff Harleem Sweets (also known as Steven H. Jones) opposes the motion. In an order dated December 21, 2007, the Court ruled on Defendant's motion to dismiss and Plaintiff's motion for appointment of counsel and deferred ruling on this motion to allow Plaintiff an opportunity to respond to Defendant's discovery requests, to seek additional evidence to support his opposition and to file an amended opposition to

Defendant's motion. Plaintiff did not file an amended opposition. The motion was decided on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Defendant's motion for summary judgment.

## BACKGROUND

As discussed in the Court's order on Defendant's motion to dismiss, Plaintiff alleges that on August 13, 2006, while being held in the Martinez detention facility, he rang the buzzer in his cell to request medical attention for high blood pressure and bad nerves exacerbated by the recent death of his mother. Complaint at ¶ 4. In response to Plaintiff's request for medical attention, Welch entered Plaintiff's cell, handcuffed him with excessive force, and assaulted him for asking for medical attention and "because he was black." Complaint at ¶ 5, 6, 10. Welch hit Plaintiff in the head, ribs, arms and legs with a billy club, breaking his ribs. Complaint at ¶ 4, 5. Welch also ignored Plaintiff's requests for medical attention, "banged" Plaintiff's head against a wall and hit Plaintiff in the head with his fists. Id. Plaintiff was not provided with medical attention until the assault was over. Complaint at ¶ 5. Plaintiff alleges that the assault was filmed by security cameras and witnessed by at least fifty other inmates and other deputies. Complaint at ¶ 4-6.

Plaintiff claims that Welch "is a racist and doesn't like blacks." Complaint at ¶ 5. Plaintiff also alleges that Welch attempted to cover up his assault on Plaintiff by charging him with "resisting arrest and disobeying an order" on the grounds that Plaintiff's excessive ringing of the medical bell was disturbing

2

the inmate dorm. Complaint at ¶ 6, 7. Welch then conspired with the Hearing Officer and the other deputies at Plaintiff's disciplinary hearing to prevent Plaintiff from calling any of the other inmates who witnessed the assault to testify or presenting evidence from the jail security cameras. Complaint at ¶ 6.

In an order dated February 15, 2007, the Court dismissed Plaintiff's claims against the Contra Costa County Board of Supervisors and the Sheriff's Department of Contra Costa County with leave to amend and dismissed all of the claims against Welch except the claim for use of excessive force, also with leave to amend. Plaintiff did not file an amended complaint.

In a subsequent order dated December 21, 2007, the Court denied Welch's motion to dismiss the remaining claim against him based on Plaintiff's failure to exhaust administrative remedies available to him and denied Plaintiff's motion for appointment of counsel. The December 21, 2007 order also deferred ruling on Defendant's alternative motion for summary judgment in order to allow Plaintiff to seek specific discovery and to respond to Welch's request for admissions. In particular, Plaintiff claimed that there existed a videotape recording of Welch beating him with a billy club. The Court ordered County Counsel to produce any such videotape or to file a certification that such tape does not exist. In addition, the Court ordered Plaintiff to respond to Welch's requests for admissions and informed him that failure to do so would result in the Court deeming the statements in that request admitted. Finally, the Court allowed Plaintiff thirty days to file an amended opposition to the motion for summary judgment.

3

On December 27, 2007, County Counsel filed the declaration of Steve Simpkins, a Lieutenant in the Custody Services Bureau of the Contra Costa Sheriff's Office. Simpkins declared, "As of August 13, 2006, and present to today, there are not security cameras located within the cell block of Q module, which would have captured or documented the incident between Harleem Sweets and Deputy Shawn Welch." Simpkins Decl. ¶ 3. On February 6, 2008, counsel for Welch filed a declaration stating that, on January 4, 2008, Plaintiff requested an additional copy of the Request for Admissions and, on January 9, 2008, an additional copy was served on him. Rettig Decl. ¶¶ 2-3. On February 11, 2008, more than thirty days after the Court's previous order, Plaintiff filed a declaration responding to Welch's request for admissions and production of documents. Plaintiff did not file an amended opposition to the motion for summary judgment. In the interest of justice, the Court will consider the declaration even though it was not timely filed.

## DISCUSSION

Defendant argues that he is entitled to summary judgment because Plaintiff cannot prove a violation of his constitutional rights. Further, Defendant argues that, even if there was such a violation, Plaintiff's claim would be precluded by qualified immunity. Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

4

1  Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.
2  1987).

3       The moving party bears the burden of showing that there is no
4  material factual dispute.  Therefore, the court must regard as true
5  the opposing party's evidence, if supported by affidavits or other
6  evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815
7  F.2d at 1289.  The court must draw all reasonable inferences in
8  favor of the party against whom summary judgment is sought.
9  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
10 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
11 1551, 1558 (9th Cir. 1991).

12      Material facts which would preclude entry of summary judgment
13 are those which, under applicable substantive law, may affect the
14 outcome of the case.  The substantive law will identify which facts
15 are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
16 (1986).

17      Where the moving party does not bear the burden of proof on an
18 issue at trial, the moving party may discharge its burden of
19 production by either of two methods.  Nissan Fire & Marine Ins.
20 Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir.
21 2000).

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Id.

        If the moving party discharges its burden by showing an

5

absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. Id.

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition. Id. This is true even though the non-moving party bears the ultimate burden of persuasion at trial. Id. at 1107.

    A.   Proof of Violation

To prevail on a claim under 42 U.S.C. § 1983, Plaintiff must prove two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

6

1  under the color of State law. <u>West v. Atkins</u>, 487 U.S. 42, 48
2  (1988).
3      The treatment that a prisoner receives in prison and the
4  conditions under which he is confined are subject to scrutiny under
5  the Eighth Amendment.[1]  <u>Helling v. McKinney</u>, 509 U.S. 25, 31
6  (1993).  A prison official violates the Eighth Amendment whenever:
7  (1) the alleged deprivation is, objectively, sufficiently serious,
8  and (2) the prison official possesses a sufficiently culpable state
9  of mind.  <u>Farmer</u>, 511 U.S. at 834 (citing <u>Wilson v. Seiter</u>, 501
10 U.S. 294, 297, 298 (1991).
11     "After incarceration, only the unnecessary and wanton
12 infliction of pain . . . constitutes cruel and unusual punishment
13 forbidden by the Eighth Amendment."  <u>Whitley v. Albers</u>, 475 U.S.
14 312, 319 (1986) (quoting <u>Ingraham  v. Wright</u>, 430 U.S. 651, 670
15 (1977)).  When prison officials stand accused of using excessive
16 force in violation of the Eighth Amendment, the deliberate
17 indifference standard is inappropriate.  <u>Hudson v. McMillian</u>, 503
18 U.S. 1, 6 (1992).  Instead, the core judicial inquiry is whether
19 force was applied in a good faith effort to maintain or restore
20 discipline, or maliciously and sadistically to cause harm.  <u>Id.</u> at
21 6-7; <u>Whitley</u>, 475 U.S. at 320-21.
22     The Eighth Amendment does not require a specific intent to

---

[1] As stated in the Court's order granting the application to proceed <u>in forma pauperis</u> and dismissing the claim in part, Plaintiff does not indicate whether he was incarcerated pursuant to a conviction or detained post-arraignment and therefore whether the Eighth or the Fourteenth Amendment should apply to his claim. Because the Ninth Circuit applies Eighth Amendment standards to both, the Court will consider Plaintiff's excessive force claim under that constitutional provision.

punish a specific individual. Robins v. Meecham, 60 F.3d 1436, 1439 (9th Cir. 1995). Rather, the correct standard for determining whether excessive force has been used in violation of the Eighth Amendment "is whether the defendants applied force 'maliciously and sadistically for the very purpose of causing harm,' -- that is any harm." Id. at 1441 (emphasis in original).

While the extent of injury suffered by an inmate is one of the factors to be considered in determining whether the use of force is wanton and unnecessary, the absence of serious injury does not end the Eighth Amendment inquiry. Hudson, 503 U.S. at 7. Whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation, see Wilson v. Seiter, 501 U.S. 294, 298 (1991), is contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (citing Estelle, 429 U.S. at 103). Such standards are always violated when prison officials maliciously and sadistically use force to cause harm whether or not significant injury is evident. Id. at 8; see also Felix v. McCarthy, 939 F.2d 699, 701 (9th Cir. 1991) (it is not degree of injury which makes out violation of Eighth Amendment but use of official force or authority that is intentional, unjustified, brutal and offensive to human dignity) (quoting Meredith v. Arizona, 523 F.2d 481, 484 (9th Cir. 1975)), cert. denied, 502 U.S. 1093 (1992).

However, every malevolent touch by a prison guard does not give rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force.

8

1  Hudson, 503 U.S. at 9-10.  The circuits are split regarding whether
2  a prisoner must prove that he suffered more than a de minimis
3  injury in order to prevail on an excessive force claim.  Compare
4  Brooks v. Kyler, 204 F.3d 102, 108 (3d Cir. 2000) (holding that
5  "absence of objective proof of non-de minimis injury does not alone
6  warrant dismissal.") and Moore v. Holbrook, 2 F.3d 697, 700 (6th
7  Cir. 1993) ("No actual injury needs to be proven to state a viable
8  Eighth Amendment claim.") with Gomez v. Chandler, 163 F.3d 921, 924
9  (5th Cir. 1999) (holding that "a prisoner must have suffered from
10 the excessive force a more than de minimis injury") and Norman v.
11 Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (absent most
12 extraordinary circumstances plaintiff cannot prevail if his inury
13 is de minimis), cert denied, 513 U.S. 1114 (1995).  The Ninth
14 Circuit has not addressed directly this issue.  However, it has
15 suggested that a prisoner need not demonstrate more than de minimis
16 injury to state an Eighth Amendment claim.  See Oliver v Keller,
17 289 F.3d 623, 628 (9th Cir 2002) (clarifying that adoption of the
18 physical injury standard under 42 U.S.C. § 1997e(e) does not
19 require that "the injury must be more than de minimis").
20      Defendant argues that "[b]ecause the force used to restrain
21 Sweets was not applied maliciously and sadistically to purposely
22 cause harm, but instead was applied only in an effort to prevent
23 him from injuring Deputy Welch himself, Sweets cannot establish a
24 violation under the Eighth Amendment."  Motion at 12.  However,
25 this argument relies on Defendant's version of the facts.
26 According to Plaintiff's declaration, Defendant grabbed Plaintiff
27 and hit him "in the face with his fist and . . . in the ribs with

9

his Billy club numerous times" after Plaintiff asked him why he wanted Plaintiff to stand up and be handcuffed. See Sweets Decl., Ex. E at ¶¶ 16-17.  Further, Sweets declares that he did not resist Welch.  Id. at ¶ 21.  Therefore, the Court finds that there is a triable question of fact whether Defendant's use of force violated Plaintiff's Eighth Amendment rights.

    B.   Qualified Immunity

Defendant next argues that, even if Plaintiff is able to prove a constitutional violation, Defendant is entitled to qualified immunity.  Again, this argument relies on Defendant's version of the facts, including a finding that Plaintiff's "behavior indicated an intent to fight with [Defendant] and also created a danger of injury to [Defendant] and to [Plaintiff.]"  Motion at 14.  As discussed above, Plaintiff's declaration describing the incident clearly states that he did not resist Defendant.  This is at direct odds with Defendant's position.  Therefore, the Court finds that there remain triable questions with respect to Defendant's qualified immunity defense.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for summary judgment (Docket No. 12).

IT IS SO ORDERED.

Dated: 3/17/08

                              CLAUDIA WILKEN
                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HARLEEM SWEETS,

       Plaintiff,

v.

CONTRA COSTA COUNTY BOARD OF SUPERVISORS et al,

       Defendant.

Case Number: CV06-07964 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Harleem Sweets
9305 Oscar Ave. #2
Oakland, CA 94603

Silvano Bruno Marchesi
Steven Patrick Rettig
Contra Costa County Counsel
651 Pine Street, 9th Floor
Martinez, CA 94553

Dated: March 17, 2008

                            Richard W. Wieking, Clerk
                            By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California